UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELIJAH I. ABDULLAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-00077-JMS-MJD |
| ) | |
| PUTNAMVILLE CORRECTIONAL ) | |
| FACILITY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petitioner's motion for expedited ruling [dkt. 24] is **granted.** The petition of Elijah I. Abdullah for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. XAF 15-12-04. For the reasons explained in this Entry, Abdullah's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Abdullah was charged with a community re-entry violation of Code B-250. The Report of Conduct states:

> On December 2, 2015 it was noted by this writer, Mr. King, that Resident Elijah Abdullah, DOC #985094 failed to turn in his second pay card. Also noted on this date that on November 27, 2015 Resident Abdullah went to an ATM and withdrew the funds received from his paycheck from the pay date of November 20, 2015. This is considered cashing a paycheck. Resident Abdullah is not compliant with turning in all paychecks, pay stubs as he has been directed by Liberty Hall staff to do so. Resident Abdullah is employed at Goodwill.
>
> Mr. Abdullah is being charged with a 250 Community Re-Entry Violation for not turning in pay checks/cashing pay checks and will be placed on complete [sic] pending his hearing. Restitution for this is $253.43.

Abdullah was notified of the charge on December 3, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Abdullah requested Mr. Gonzales, Mrs. Moxie, and Staff at Liberty Hall as witnesses, and the documentation relating to the charge as evidence.

The Hearing Officer conducted a disciplinary hearing on December 8, 2015. The Hearing Officer noted Abdullah's statement, "I did not use ATM. Liberty Hall always get my pay check stubs. I took the job so Liberty Hall could get direct deposit." Relying on the staff report, the Hearing Officer determined that Abdullah had violated Code B-250. The sanctions imposed included a transfer back to the DOC, the deprivation of 90 days of earned credit time, and a demotion from credit class I to II. The Hearing Officer imposed those sanctions based on the seriousness of the offense.

It is disputed whether Abdullah properly completed his administrative appeals in a timely fashion. Given this dispute, the court now turns to the merits of the claims raised.

### C. Analysis

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. Prisoners may allege such a violation by bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

### 1. Mootness

As a threshold issue, the respondent argues that this action should be dismissed as moot. According to the Indiana Department of Correction's (DOC) offender information database, Abdullah is serving a sentence for unlawful possession of a firearm as a serious felon at the time of the disciplinary proceedings. http://www.in.gov/apps/indcorrection/ofs. He was sentenced to a term of eight years. His effective date of sentence was September 11, 2012, with a maximum release date of September 10, 2020. DOC's website reflects that Abdullah's earliest possible release date was June 2, 2016, and that he is now in the custody of the Indianapolis Parole District.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-

time credits and release on parole." *Id.* If the loss of good-time credits extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

Given the information in the record, it appears that the loss of good-time credits will extend the date on which Abdullah's parole ends and that this case is not moot. Dismissal on this basis is **denied.**

### 2. DOC Policy Violations

Abdullah first claims in his Petition that the author of the Conduct Report "violated my due process, cause conduct report was written untimely without any prior notice by diligence, from about day alleged offense occurred" (Pet. 3). He maintains that the Conduct Report was prepared on December 2, 2015, but that the offense occurred on November 27, 2015, and that IDOC's policy requires that the Conduct Report be written within 24 hours of the incident (Id.).

The claim that prison authorities failed to follow various policies before and during the challenged disciplinary proceeding are summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). In conducting habeas review, "a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

### 3. Impartial Decision Maker

Abdullah next claims that the Hearing Officer and the Discipline Hearing Board (DHB) were biased. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Abdullah has not shown that the Hearing Officer or a member of the Disciplinary Hearing Board (DHB) was involved in any aspect of the factual events or investigation **leading to** the disciplinary charge. The fact that Abdullah disagrees with the hearing officer and DHB's decision is insufficient to show bias. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Abdullah to the relief he seeks. Accordingly, Abdullah's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: June 7, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ELIJAH I. ABDULLAH
985094
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135